UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA MICHELLE HERNANDEZ VIERA,

    Plaintiff,

v.    Case No: 6:17-cv-2213-Orl-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration, denying her claim for a period of disability and disability insurance under the Act. Upon review, the Commissioner's final decision in this case is affirmed.

## Background[2]

Following a denial of a previous application (Tr. 135-147), Plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of November 14, 2015 (Tr. 224-225). She claimed disability due to fibromyalgia, back, neck, shoulder and knee injuries, anxiety and depression, IBS,[3] ulcers, neuropathy, and anemia (Tr. 393). Her claim was denied initially and on reconsideration and Plaintiff requested and received a hearing before an administrative law judge ("ALJ") (Tr. 108-34, 54-107). On

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.
[2] The information in this section comes from the parties' joint memorandum (Doc. 15).
[3] Believed to be Irritable Bowel Syndrome.

May 5, 2017, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 24-40). The Appeals Council reviewed the decision, and in a written opinion affirmed the ALJ's finding that Plaintiff was not disabled (Tr. 1-10). This decision became the Commissioner's final decision and this appeal timely followed (Doc. 1).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.) (Tr. 26). At step two, the ALJ determined that Plaintiff had the severe impairment of a history of degenerative disc disease (20 CFR 404.1520(c)) (Tr. 26). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 29). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR
> 404.1567(b) with the claimant capable of lifting and carrying
> up to 20 pounds on an occasional basis and 10 pounds or less
> on a frequent basis. The claimant is capable of sitting for six
> hours during the course of an eight-hour workday and
> standing and/or walking for six hours during the course of an
> eight-hour workday. The claimant can use her upper and
> lower extremities for the pushing and pulling of arm/hand and
> foot/pedal controls on an occasional basis. The claimant can
> occasionally climb ramps and stairs, but never climb ropes,
> ladders or scaffolds. The claimant can occasionally balance,
> stoop, kneel, crouch and crawl. The claimant must avoid
> hazards such as work at unprotected heights and around
> dangerous moving machinery and she cannot work in
> proximity to concentrated industrial vibrations.

(Tr. 30).

At step four, the ALJ determined that Plaintiff could perform her past work as a radiologic technician or an office clerk (Tr. 33). Alternatively, at step five, the ALJ considered the claimant's age, education, work experience,[4] and RFC, and found that there were other jobs in the national economy that Plaintiff could perform, such as assembler, hand packager, sealer, and order clerk (Tr. 33-35). Therefore, the ALJ determined that Plaintiff was not disabled (Tr. 35). The Appeals Council's decision adopted these findings (Tr. 4-8).

### Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such

---

[4] Plaintiff was born on June 8, 1976 and was 39 years old on her alleged disability onset date (Tr. 33). She has at least a high school education and past relevant work as a radiologic technician and office clerk (Id.).

relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### Evaluation of Medical Opinions

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the

evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Plaintiff argues that the ALJ committed reversible error by failing to weigh all the medical opinions in the record. Specifically, Plaintiff complains that the ALJ did not consider the April 2014 opinions of Dr. Stephen Goldman, who opined that Plaintiff must use a cane for ambulation (Tr. 528), and psychologist Dr. John Haroian, who opined that Plaintiff's depression would cause an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (Tr. 467). The Commissioner acknowledges that the ALJ did not weigh the evidence from Drs. Goldman and Haroian but contends that his failure to do so was not error because these April 2014 opinions predate Plaintiff's alleged onset by approximately 20 months and are not relevant.

"Medical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008); see also Santos v. Soc. Sec. Admin., Comm'r, 731 F. App'x 848, 856 (11th Cir. 2018) (treatment notes "were of limited relevance to Santos's claims because they predated her alleged disability date"); Potter v. Colvin, No. 8:12-CV-1031-T-17TGW, 2013 WL 1347282, at *3 (M.D. Fla. Feb. 28, 2013), *report and recommendation adopted*, No. 8:12-CV-1031-T-17TGW, 2013 WL 1339753 (M.D. Fla. Apr. 3, 2013) (finding the ALJ's failure to discuss prior treatment records to be "understandable, and reasonable" in that the notes were "too remote to be relevant"); but compare Garrett v. Comm'r of Soc. Sec., No. 616CV1516ORL41GJK, 2017 WL 1460733, at *3 (M.D. Fla. Mar. 15, 2017), *report and*

*recommendation adopted*, No. 616CV1516ORL41GJK, 2017 WL 1438321 (M.D. Fla. Apr. 24, 2017) ("Courts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: (1) within close proximity to the onset date; and (2) relevant to a claimant's impairments."). Here, the doctors' opinions were issued more than a year and a half prior to Plaintiff's alleged onset date and are not shown to be relevant to her alleged impairments on that date. In fact, Plaintiff *continued working* for a period of almost six months after these opinions were rendered (Tr. 394).[5]

Plaintiff broke her toe while serving in the military (Tr. 30, 65) and Dr. Goldman noted that she used a "walking boot and cane … due to [her] foot injury" (Tr. 528-29). Plaintiff has not shown that she required continued use of a cane after her injury healed and the medical evidence is to the contrary. As the ALJ stated, February 8, 2016 treatment notes document Plaintiff's gait as normal and report "gait and balance problem" as "none" (Tr. 27, 631, 637). At a consultative examination in April 2016, Dr. Ranganathan observed that Plaintiff walked without an assistive device and could perform tandem walking (Tr. 27, 577). And, at a May 7, 2016 evaluation, Plaintiff "displayed no particular abnormality of posture [or] gait" (Tr. 27, 583). As for Dr. Haroian's notation of an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, that opinion was immediately followed by a qualification that Plaintiff was nonetheless: "generally functioning satisfactorily, with normal routine behavior, self-care, and conversation" (Tr. 467). Plaintiff does not explain how this qualified opinion is relevant to her impairments during the time period at issue. The ALJ determined that after her alleged onset date, Plaintiff's mood disorder was non-severe,

---

[5] Although not argued by the parties, these pre-onset records were reviewed by a prior ALJ and the ALJ who considered the instant application reviewed and considered that prior decision. See Tr. 27 ("The previous ALJ concluded that the claimant had a severe knee impairment (Ex. B7A).").

citing to examination notes, medical opinions and Plaintiff's daily activities and statements (Tr. 27-29). This finding is supported by the substantial evidence cited. Under these circumstances, any error (the Court finds none), in failing to weigh the remote pre-onset opinions of Drs. Goldman and Haroian is harmless.

### Weighing Plaintiff's testimony regarding pain

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). To do so, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Id., see also Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ and Appeals Council both determined that Plaintiff's alleged symptoms are not consistent with and supported by the evidence (Tr. 31, 7). The ALJ offered a detailed rationale for rejecting Plaintiff's allegations of disabling limitations, citing to: (1) diagnostic imaging studies showing normal, mild or, "at most moderate findings;" (2) Dr. Ranganathan's 2016 consultative examination report showing, among other things, full strength in all areas except for left thigh flexion, which was 4+/5; (3) other benign physical

examination findings;[6] (4) a conservative course of treatment; and (5) the opinions of state agency consultants and examiners (Tr. 31-32, 27-29). Plaintiff argues that this rationale is not supported by substantial evidence as not all diagnostic imaging studies were unremarkable; Dr. Ranganathan did not review the most up to date records and performed a limited physical examination which showed Plaintiff had lumbar and cervical tenderness and mild weakness in her left hip; some findings in physical examinations could support a finding that Plaintiff had severe pain from her impairments; her activities of daily living support a finding of disability; and it was error to draw a negative inference from the conservative nature of her treatment because she is under the care of the VA and exhausting a conservative course is required before more aggressive treatment can be pursued. These contentions do not persuade.

The ALJ's decision cites numerous specific findings sufficient to support the conclusions made. The ALJ reviewed the examination records, treatment records, and diagnostic imaging studies in depth (including the most recent imaging),[7] and determined that the mild and minimal findings contained therein did not preclude a reduced range of light work (Tr. 31). While Plaintiff focuses on isolated notations of musculoskeletal tenderness or limitation, there is no requirement that every piece of evidence be uniformly consistent for an administrative decision to be adequately supported. At most, Plaintiff's

---

[6] "For example, a February 2016 examination noted that the claimant retained full strength in her extremities, a normal range of motion, no edema, a normal gait and normal neurological findings (Ex. B5F, page 42)." (Tr. 31).

[7] In addition to discussion of the x-rays and imaging studies from 2013 and 2014, the ALJ noted: "a 2017 lumbar spine MRI was unremarkable except for some mild disc desiccation at L5-Sl with broad based bulging, an annular tear, moderate effacement of the right traversing nerve root, mild facet and ligamentous flavum hypertrophy and no significant central canal or neural foraminal narrowing. Dr. Jimenez reviewed the MRI and his impressions were "mild" degenerative findings (Ex. B13F and B14F). These images reveal generally mild or at most moderate findings that are consistent with the conclusion that the claimant is limited to light work." (Tr. 31).

argument is that there is other evidence that could, perhaps, support a different inference regarding her claims of disabling limitations. However, "[t]he question is not ... whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). On this record, support for the credibility finding is clearly articulated and supported by the substantial evidence cited.[8] No error is shown.

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted). As the Commissioner's administrative decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

## Conclusion

Upon consideration of the foregoing:

1. The Commissioner's final decision in this case is **AFFIRMED**.

2. The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[8] The Court need not determine whether the ALJ erred in drawing inferences from the conservative nature of Plaintiff's treatment. Excluding this finding, the ALJ made numerous other findings which are more than sufficient to constitute "substantial evidence."